JOHNSTON v. LONG ISLAND INV. & IMP. CO.

(Supreme Court, Appellate Division, Second Department.    July 24, 1906.)

SPECIFIC PERFORMANCE—DECREE—CONSTRUCTION.

Where a decree for specific performance of a contract to convey land provided that, in case the defendant failed to comply with the terms of the decree or should be unable to convey to plaintiff a good and marketable title, plaintiff should recover money damages, etc., such provision was not one inserted for the benefit of the defendant, which it would be entitled to avail itself of at its election, instead of making specific performance, but was a provision for the benefit of plaintiff.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 401–406, 437.]

Appeal from Special Term, Kings County.

Action by George B. Johnston against the Long Island Investment & Improvement Company. From an order .for plaintiff, defendant appeals. Affirmed.

See 82 N. Y. Supp. 961.

Clause 4 of the judgment, referred to in the memorandum of the justice at Special Term, is as follows:

"In case the defendant shall fail to comply with the terms of this decree, or shall be unable to convey to the plaintiff a good and marketable title, the plaintiff shall recover from the defendant, and have judgment for, the sum of $2,064.14, with interest from August 8, 1902, at 5 per cent., the amount of money paid by him on the contract of sale set forth in the complaint, less $100 per month (the rental of said premises since August 8, 1902), with interest at such rate on the various months' rent as they become due."

The following is the opinion of the court below:

The judgment awards specific performance to plaintiff, and directed compliance by the defendant, as clearly appears by clauses 1 and 2 thereof. Clause 4 of the judgment is not an alternative provision inserted for the benefit of the defendant, and which it is at liberty to avail itself of at its election, instead of making specific performance. It was intended to give, and does give, the plaintiff the right to avail himself of its terms, should he so elect, for the causes therein specified. Plaintiff has insisted upon specific performance, and is ready and willing to perform on his part. Defendant appealed to the Appellate Division, and thereupon deposited a deed in form as required by the judgment. After affirmance there he has appealed to the Court of Appeals, and the latter appeal is pending and undetermined. The practical interpretation of its obligations, in the event of an ultimate determination affirming the judgment thus made, should not be disturbed.

Motion denied, with $10 costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

A. G. N. Vermilya, for appellant.
Dana & Clarkson, for respondent.

PER CURIAM.    Order affirmed, on memorandum of GARRETSON, J., at Special Term, with $10 costs and disbursements.